**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| ASSOCIATED TERMINALS OF ST. BERNARD, LLC | CIVIL ACTION |
| | NO. |
| VERSUS | |
| | SECTION "    " |
| M/V ROYAL FLUSH, her engines, tackle, apparel, furniture, etc.*, in rem,* FAUSTINO INTERNATIONAL, LTD and FAIR WIND CHARTERING PTE, LTD., *in personam* | JUDGE |
| | MAGISTRATE |

# COMPLAINT

The Complaint of Associated Terminals of St. Bernard, LLC (hereinafter "ATSB")

against the M/V ROYAL FLUSH, her engines, tackle, apparel, furniture, etc., *in rem*,

and, Faustino International, Ltd. and Fair Wind Chartering PTE, Ltd. *in personam,* with

respect represents as follows:

1.

This is an admiralty and maritime claim within the jurisdiction of the United States

and this Honorable Court, 28 U.S.C. §1333, and within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure.

2.

At all times hereinafter mentioned, ATSB was a limited liability company,

authorized and existing by virtue of the laws of the State of Louisiana, and at all times

pertinent hereto was the lessee of port and dock facilities, equipment and structures at

the Port of St. Bernard, St. Bernard Parish, State of Louisiana.

3.

At all times hereinafter mentioned, Faustino International, Ltd. was a foreign company and was the owner and/or operator of the M/V ROYAL FLUSH.

4.

At all times hereinafter mentioned, Fair Wind Chartering PTE, Ltd. was a foreign company and was the manager of the M/V ROYAL FLUSH.

5.

At all times hereinafter mentioned, the M/V ROYAL FLUSH, IMO No. 9427330, was an ocean-going cargo vessel, 33042 gross tons and now is, or will be, during the pendency of process herein afloat upon the navigable waters within this judicial district and within the jurisdiction of this Honorable Court.

6.

By virtue of a Lease between the Board of Commissioners of the St. Bernard Port, Harbor and Terminal District and Associated Terminals of St. Bernard, LLC, ATSB was the Lessee of the Chalmette Slip at the Port of St. Bernard and dock, berthing and mooring facilities, equipment and structures within the Port of St. Bernard and at the Chalmette Slip.

7.

On December 18, 2011, M/V ROYAL FLUSH allided with the monopile "turning dolphin" or "berthing dolphin" (hereinafter referred to as "turning dolphin") causing extensive damages or destroying the turning dolphin and its components. The allision of the ROYAL FLUSH with the turning dolphin of the Chalmette Slip was not caused or

contributed to by any fault, negligence or lack of due care of ATSB or anyone for whom ATSB is responsible.

8.

The allision of the M/V ROYAL FLUSH with the turning dolphin was caused by the sole fault, neglect and lack of due care of Faustino International, Ltd. and Fair Wind Chartering PTE, Ltd., the M/V ROYAL FLUSH, and those in charge of the navigation of the M/V ROYAL FLUSH in the following respects, among others, which will be shown at trial of this cause:

(a) The M/V ROYAL FLUSH was manned by persons who were careless, incompetent and inattentive to their duties;

(b) The M/V ROYAL FLUSH failed to maintain a proper watch;

(c) The M/V ROYAL FLUSH failed to keep a proper lookout under the circumstances;

(d) The M/V ROYAL FLUSH failed to make proper and adequate use of her radar and/or other electronic navigation devices;

(e) M/V ROYAL FLUSH disregarded the applicable Rules of the Road and basic principles of navigation;

(f) M/V ROYAL FLUSH failed to use due care under the circumstances;

(g) The M/V ROYAL FLUSH negligently failed to timely take corrective, evasive or precautionary actions to avoid the aforesaid allision with the turning dolphin and/or to minimize the damages to turning dolphin, and

- 3 -

(h)     ATSB reserves the right to amend and supplement this article of their
        Complaint to allege additional and/or different faults and/or acts of
        negligence as they become evident in development of further facts
        concerning the allision.

9.

As the allision of M/V ROYAL FLUSH resulted from a moving vessel, M/V
ROYAL FLUSH, striking a stationary object, the turning dolphin, there is a presumption
of fault against M/V ROYAL FLUSH, Faustino International, Ltd. and Fair Wind
Chartering PTE, Ltd. for the aforesaid allision.

10.

Due to the destruction of the turning dolphin by the M/V ROYAL FLUSH, ATSB
was forced to take temporary and precautionary measures for other vessels entering,
and calling at, the Chalmette Slip including hire of additional assist tugs in order to
assist vessels into and out of the berths at the Chalmette Slip and installation of
fenders, and specifically, multiple Yokohama fenders to protect the docking and
berthing facilities of the Chalmette Slip from further damage.

11.

As a direct and proximate result of the aforesaid allision, ATSB sustained
damages and losses including, among others, damage and destruction of the turning
dolphin; increased costs of assist tugs for vessels entering and leaving the berths at the
Chalmette Slip; loss of and/or damage to other facilities, including but not limited to,
fenders, docking and berthing facilities and Yokohama fenders; and, other expenses

- 4 -

and damages, including but not limited to, survey fees, investigative fees, costs, attorneys' fees and expenses as described herein.

12.

As a direct and proximate result of the aforesaid allision, ATSB continues to incur additional costs for assist tugs, docking, berthing and mooring facilities, including but not limited to, fendering and the Yokohama fenders to protect the docking and berthing facilities of the Chalmette Slip and the Port of St. Bernard from further damage and/or destruction.

13.

As a direct and proximate result of the aforesaid allision, ATSB is entitled to recover all of its damages and losses as described hereinabove, resulting from the damage and/or destruction of the turning dolphin by the M/V ROYAL FLUSH.

14.

ATSB has and claims a maritime lien against the M/V ROYAL FLUSH, her engines, tackle, apparel, furniture, etc., *in rem*, for all damages as described hereinabove resulting from the damage and/or destruction of the turning dolphin due to the allision of the M/V ROYAL FLUSH as described herein.

15.

All and singular, the premises are true and correct and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

**WHEREFORE,** plaintiff, Associated Terminals of St. Bernard, LLC prays:

1.  That process in due form of law according to the practices of this Honorable Court issue against the M/V ROYAL FLUSH, her engines, tackle, appear, furniture, etc., *in rem,* and that all persons claiming any interest in said vessel be duly required to appear and answer, under oath, all and singular the matters aforesaid;

2.  That process in due form of law issue against Faustino International, Ltd. and Fair Wind Chartering PTE, Ltd., *in personam,* and that they be cited to appear and answer, under oath, all and singular the matters aforesaid;

3.  That after due proceedings are had, plaintiff, Associated Terminals of St. Bernard, LLC have judgment against Faustino International, Ltd. and Fair Wind Chartering PTE, Ltd. *in personam*, and M/V ROYAL FLUSH, *in rem,* for the full amount of the damages sustained by Associated Terminals of St. Bernard, LLC as a result of the aforesaid allision, together with interest from date of accident, December 18, 2011, all costs of these proceedings, attorneys' fees, and for all such other and further equitable relief to which plaintiff may in law and in justice be entitled; and

4.  That the M/V ROYAL FLUSH be seized and sold to satisfy the decree in favor of the plaintiff herein.

Respectfully submitted, this 17th day of December, 2012.

DAIGLE FISSE & KESSENICH, PLC

BY:     s/*J. Fredrick Kessenich*
          J. FREDRICK KESSENICH (7354)
          KIRK N. AURANDT (25336)
          JON A. VAN STEENIS (27122)
          P. O. Box 5350
          Covington, Louisiana  70434-5350
          Telephone:  985/871-0800
          Facsimile:   985/871-0899
Attorneys for Associated Terminals of St.
Bernard , LLC

PLEASE SERVE:

M/V ROYAL FLUSH
Through the U.S. Marshal's Office,

- 7 -

- 8 -